SCHEB, Judge.
J. Chesney Carson, a court appointed attorney for a partially insolvent defendant, contests the trial court’s order determining his rights against Mrs. Alice Scott who guaranteed payment of his client’s fee. We vacate the order because the trial court failed to observe the essential requirements of due process of law.
Bruce William Scott was arrested on March 12, 1979, for possession of a controlled substance and driving while intoxicated (DWI). Scott was declared partially insolvent and a magistrate conditionally appointed Carson as his counsel. Attorney Carson promptly met with Scott and his mother, Mrs. Alice Scott, to discuss Carson’s attorney’s fees and costs. Mrs. Scott pledged some property and executed a mortgage in favor of Carson to guarantee her son’s obligation. When Scott was arrested on May 11 on a second DWI charge, Mrs. Scott again guaranteed payment of Carson’s fees with the same security she previously furnished.
After Carson took some preliminary steps in representation of Scott, the three charges against him were resolved. The state attorney filed a “No Information” on the drug charge, and Scott pled nolo contendere to the second DWI charge and to a lesser offense on the initial charge.
*333 Sometime after resolution of the charges, Mrs. Scott contacted the circuit court and asked for a determination of the amount she owed Attorney Carson. On Friday, March 5, 1982, the trial judge notified Attorney Carson that a hearing would be held on the following Monday on Mrs. Scott’s request. Mrs. Scott, an assistant state attorney, Attorney Carson, and the chief judge of the circuit were present at the hearing. Carson explained to the court that he had not been served with any pleading by Mrs. Scott and remonstrated that his own attorney was otherwise engaged, and that he was unprepared to discuss her request. Larry C. Hoffman, an experienced criminal defense attorney, accompanied Carson, but Carson’s client, Scott, was not present. The trial judge indicated that he did not intend to make any ruling on the matter at that time but wanted Mrs. Scott and Attorney Carson to state their positions on the record. With that, the court proceeded to hear from those present. After hearing Carson and Mrs. Scott, the trial judge indicated that he was already familiar with the court file auu had verified the extent of Carson’s services through the state attorney’s office.
The trial judge indicated that his role in determining a reasonable fee obligation of a guarantor of a partially insolvent defendant was a matter of initial impression and had definite policy aspects. This undoubtedly explains why the chief judge was in attendance. The judge further stated he was not implying that there was anything amiss in this type of situation, but before ruling he would confer with other judges of the circuit on the policy aspects.
On April 15 the court entered its order holding that Mrs. Scott owed Carson reasonable attorney’s fees of $500. On receipt of that amount, Carson was directed to return all of Mrs. Scott’s security. The court made no determination of Bruce Scott’s obligation to Carson. Attorney Gar-son timely filed this appeal.
Initially, we make two observations. First, a court can always determine the reasonableness of fees for appointed counsel; and second, the order appointing Attorney Carson does not restrict him from obtaining reasonable reimbursement from his client or the client’s family. In fact, the hearing revealed such arrangements to be rather commonplace and not inappropriate.
Unfortunately, the order appointing Carson does not resolve the problem before us, and there appears to be no settled policy for handling matters of this type in the circuit. No one suggests that Carson violated any court order or standing policy, or committed any impropriety in arranging the payment from the defendant or in taking security from the mother. In fact, Mrs. Scott recognized an obligation to Carson; it was only the extent of that obligation that she challenged. Still, it is essential that the rights and liabilities of the parties in such a matter should be adjudicated only on proper notice and pleadings before the court. Due process of law requires that Carson have an opportunity to present his claim in an orderly proceeding adapted to the nature of the case. 10 FLA.JUR.2d, Constitutional Law, § 374. The proceedings below fell short of meeting that requirement.
We hold the court erred in its informal adjudication of Attorney Carson’s rights against Mrs. Scott, his client’s guarantor, and the security pledged by her. We vacate the order without prejudice to a determination of the issues in an independent action.
HOBSON, Acting C.J., and CAMPBELL, J., concur.